The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD AZPITARTE,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY, RON SIMS, SUSAN RAHR, DAVID REICHERT, DENOBI OLEGBA, ELIZABETH DERAITUS, LAMAR REED, THE ESTATE OF STEVE COX, SCOTT LAVIELLE, STEVE WRIGHT, JIM McMEINES, CEDAR RAPIDS TOWING LLC, JONY McCALL, GEORGE McCALL, MARK LEMOINE, JASON STANLEY, STEPHANIE WARDEN, MIKE HATCH, CW WILLIAMS CONSTRUCTION COMPANY, SYDNEY JACKSON and BILL TURNER,<br><br>Defendants. | Case No. C07-1998-JCC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's Motion for Reconsideration (Dkt. No. 79). On March 3, 2009, the Court granted Defendants' Motion to Dismiss (Dkt. No. 64) for failure to prosecute with reasonable diligence and for failure to comply with the Court's orders, the Federal Rules of Civil Procedure, and the Local Rules. (Order 6 (Dkt. No. 78).) Plaintiff

ORDER
PAGE - 1

now moves for reconsideration of the dismissal. (Dkt. No. 79.) Having reviewed the motion papers and the supporting declarations, and being fully advised, the Court DENIES the motion.

The Local Rules provide:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule W.D. Wash. CR 7(h).

Plaintiff has not shown manifest error or new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. Plaintiff claims that he was prejudiced by the expedited briefing schedule set by the Court because his attorney's "schedule was hectic for that week, and [he] was unable to obtain evidence that [he] might otherwise have been able to obtain had [he] been given more time" (Scannell Decl. ¶ 1 (Dkt. No. 81 at 1)); however, Plaintiff did not timely object to this expedited schedule and fails to describe what evidence he would have included had he had more time. Plaintiff also argues that he should not have been faulted for only serving one of the defendants, but this fact played no role in the Court's legal analysis. (*See* Order 6 (Dkt. No. 78) (enumerating the numerous violations that supported dismissal).) He argues that the public's interest in expeditious litigation is no more pronounced when the defendant is the government (Mot. 2 (Dkt. No. 79)), but his argument is inconsequential because "[t]he public's interest in expeditious resolution of litigation *always* favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (emphasis added). Plaintiff repeats his assertion that mediation would have been futile because his motion to amend was still pending; yet, as the Court previously stated, "a pending motion does not authorize a party to disobey an explicit Court order," especially when Plaintiff never raised his concerns with the Court. (Order 9 (Dkt. No. 78).) Plaintiff also broadly claims that Defendants engaged in similar "misconduct," citing a single missed appointment that was clearly a misunderstanding, quite likely caused by Plaintiff's attorney's own confusion. (*See*

ORDER
PAGE - 2

7/24/08 Kim E-mail to Scannell (Dkt. No. 62-3) (claiming that Plaintiff's attorney had not confirmed the meeting and had not responded to a follow-up call).)

The remainder of Plaintiff's motion is devoted to challenging the Court's finding that he had "little chance of success on the merits." (Order 10 (Dkt. No. 78).) Having reviewed the record and the points raised in the motion for reconsideration, the Court continues to find that his chances of success would have been slim. Yet even if Plaintiff were more likely to succeed at trial, the public policy favoring disposition of cases on the merits would not outweigh the remaining four factors, each of which strongly favored dismissal. (*Id.* at 6–11.)

Plaintiff has failed to demonstrate grounds for reconsideration of the Court's prior Order. Critically, he has still not provided any justification for his flagrant misconduct, instead mischaracterizing it as a "few incidents of minor deadlines that were missed." (Mot. 2 (Dkt. No. 79).) As the Court has already addressed, "Plaintiff and his attorney . . . exhibited a pattern of unprofessionalism and unreasonable delay throughout [the] entire litigation, from discovery, to motion briefing, to mediation, to the preparation of a pretrial statement," and dismissal under the circumstances was appropriate. (Order 11 (Dkt. No. 78).)

SO ORDERED this 1st day of April, 2009.

/s/ John C. Coughenour

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3